13-3105-cv
Hardy v. Adam Rose Retirement Plan

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY  ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 19th day of August, two thousand fourteen.

Present:        ROSEMARY S. POOLER,
                PETER W. HALL,
                SUSAN L. CARNEY,
                        *Circuit Judges*.

_____

THOMAS HARDY,

                        *Plaintiff-Appellant*,

                -v-                                         13-3105-cv

ADAM ROSE RETIREMENT PLAN, ADAM ROSE, INDIVIDUALLY
AND AS PLAN ADMINISTRATOR,

                        *Defendants-Appellees*.

_____

Appearing for Appellant:        William D. Frumkin, Frumkin & Hunter LLP, White Plains, N.Y.

Appearing for Appellee:         Leonard I. Spielberg, Harold, Salant, Strassfield & Spielberg, White Plains, N.Y.


Appeal from the United States District Court for the Southern District of New York (Seibel, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff Adam Hardy appeals from the July 16, 2013 judgment, entered pursuant to a July 16, 2013 opinion and order of the United States District Court for the Southern District of New York (Seibel, *J.*). This opinion and order granted defendants' Adam Rose Retirement Plan, and Adam Rose, individually and as plan administrator (collectively, "Rose") motion for summary judgment, and denied Hardy's cross-motion for summary judgment, on the question of whether an annuity created by Rose for the benefit of Hardy was a pension plan within the meaning of the Employment Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq*. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review the grant of summary judgment de novo. *Westport Bank & Trust Co. v. Gerahty*, 90 F.3d 661, 668 (2d Cir. 1996). A grant of summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

"To prevail on a claim under 29 U.S.C. § 1132(a)(1)(B), a plaintiff must establish the existence of an employee benefit plan." *Hardy v. Adam Rose Ret. Plan*, 957 F. Supp. 2d 407, 413 (S.D.N.Y. 2013). Hardy asserts that an annuity which was established and owned by Rose, but which originally named Hardy as a beneficiary, was a pension plan within the meaning of 29 U.S.C. § 1002(2)(A). This provision provides, in relevant part, that a pension plan is:

> any plan, fund, or program which . . . is hereafter established or maintained by an employer . . . to the extent that by its express terms or as a result of surrounding circumstances, such plan, fund, or program [] provides retirement income to employees . . . regardless of . . . the method of calculating the benefits under the plan or the method of distributing benefits from the plan.

29 U.S.C. § 1002(2)(A). In determining whether a plan is a pension plan for the purposes of ERISA, we have required district courts to consider, among other factors, (1) "whether the employer's undertaking or obligation requires managerial discretion in its administration;" (2) the question of "whether a reasonable employee would perceive an ongoing commitment by the employer to provide some employee benefits;" and (3) the level of administrative analysis required "to analyze the circumstances of each employee's termination separately in light of certain criteria." *Schonholz v. Long Island Jewish Med. Ctr.*, 87 F.3d 72, 76 (2d Cir. 1996) (internal quotation marks omitted); *see also Kosakow v. New Rochelle Radiology Assocs.*, 274 F.3d 706, 737 (2d Cir. 2001). In determining whether an arrangement constitutes a plan under ERISA, "no one [factor] is determinative." *Hardy*, 957 F. Supp. 2d at 414 (citing *Tischmann v. ITT/Sheraton Corp.*, 145 F.3d 561, 566 (2d Cir. 1998)).

We affirm the district court's determination that the annuity, owned by Rose and naming, in the first instance, Hardy as beneficiary, was not a plan under ERISA. Rose wrote to Hardy on two separate occasions regarding this annuity, in April and November of 2005. In April he indicated that he would be purchasing the annuity and "retaining ownership of this annuity so that you are prevented from the temptation of selling or liquidating it. As you know, the intent is to start to provide a retirement program and this is part of it." *Hardy*, 957 F. Supp. 2d at 410 (internal quotation marks omitted). Later, in November, Rose wrote again to state that the annuity "is intended to be a retirement benefit." *Id*. (internal quotation marks omitted). Thus,

2

with respect to the second *Schonholz* factor, which requires us to look to the expectations of the employee, the district court rightly observed that "[t]he second *Schonholz* factor weighs in favor of finding an ERISA plan." *Id.* at 416 (internal quotation marks omitted).

However, this is the only factor that weighs in favor of the determination that the annuity is a plan under ERISA. With respect to the first *Schonholz* factor, which requires evaluation of the administrative complexity of the program, the district court correctly noted that "[i]n the context of the annuity, absolutely no managerial discretion is required. . . . After [Rose's] initial transaction . . . no further managerial involvement was required." *Id.* at 415. Further, as for the third *Schonholz* factor, which requires us to look to the individualized determinations for the distribution of plan benefits, the district court correctly pointed out that "[n]o individualized analysis of an employee's individual circumstances is required" by the annuity. *Id.* at 416. Even drawing all justifiable inferences in favor of Hardy, which we are required to do at this stage, *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986), we do not disrupt the district court's conclusion that because the annuity was the result of a single discrete act by Rose, despite its potential long-term benefits, it lacks the administrative complexity necessary to bring it in the realm of ERISA plans. Hardy's remedy for Rose's decision to change the beneficiary of the annuity to himself, rather than Hardy, lies, if at all, outside of an action under ERISA. We affirm the district court's determination that the annuity does not constitute an ERISA plan.[1]

We have considered the remainder of Hardy's arguments on appeal and find them to be without merit. Accordingly, the orders and judgment of the district court hereby are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] Because we affirm the district court's determination that the annuity was not a plan as defined by ERISA, we do not reach the alternative basis for its holding, namely that "[e]ven assuming that the annuities constitute a 'plan' under ERISA, I would still dismiss [Hardy's] case because the ostensible 'plan' was not 'designed primarily for the purpose of providing retirement income[.]'" *Hardy*, 957 F. Supp. 2d at 416 (quoting *Williams v. Wright*, 927 F.2d 1540, 1547 (11th Cir. 1991)).

3